Smith, J.
The principal question in each of these four cases, (raised in each by a demurrer to the petition,) is, whether the plaintiff has the legal capacity to sue therein. Two of the cases were brought in the name of the state of Ohio, by the prosecuting attorney of Hamilton county, Ohio, for the use of the county, against the three members of the board of county commissioners and the three members of the board of control (who had voted for the allowance of a bill which had been presented by two persons who were or had been members of said board of control, for expenses claimed to have been incurred by them while members thereof), and against the county auditor who drew the warrant on the county treasury therefor, and against the person who had received the payment thereof from the treasury. The petitions allege that such allowance, drawing of the warrant and reception of the money, were illegal and unauthorized, and that no such expenses had been incurred, as the defendants well knew. And judgments were asked against the defendants for the amount so illegally paid, with interest thereon from the time of said several payments.
The other two petitions are substantially similar, and relate to the same two transactions, and were filed after a judgment had been rendered against the plaintiffs in the first cases. They differ in this, that they are brought by Mr. Fox, a tax payer of the county, on behalf of the county, and contain the allegations that before the bringing of the actions, he *270 had applied, in writing, to the county commissioners to do so, which they had failed or refused to do.
There can be no question but that the board of county commissioners, the financial representatives of the county, is the body having the right to sue for and recover all sums of money due to the county, unless the statutes of the state specificially in certain cases ¡impose that duty upon, or gives that right to some other officer or person — and no other person or officer is authorized to sue for or recover any such money demand unless the right to do so is conferred by statute.
The counsel for the plaintiff in error argues that power is conferred on the prosecuting attorney to sue in such cases, in the name of the state, for the use of the proper county, by sec. 1277 Rev. Stat.; and on a tax-payer of the county, under the circumstances named therein, by sec. 1278. But in our judgment it is entirely clear that sec. 1277 only authorizes the prosecuting attorney to sue in the name of the state, to restrain a threatened misapplication of the funds of the county, or the completion or execution of a contract in contravention of the laws of the state, or which was procured by fraud or corruption, and that it gives no warrant whatever, for a suit by him to recover money actually drawn from the county treasury, however illegally this may have been done. That duty is imposed by law upon the board of county commissioners.
Nor does sec. 1278 confer any such authority upon the tax payer. The evident meaning of that section is, that in those cases pointed out in sec. 1277 in which the prosecuting attorney may bring the action, or in any other case in which by other statutes he is authorized or required to bring suits, or institute any proceedings for the benefit of the county, (and there are many cases in which this is his duty — see secs. 263, 532, 746 Rev. Stats, and many others that might be cited), if on the written application of a tax payer to bring such suits, he fails or neglects to do so, the tax payer, on securing the costs, is himself authorized to sue for the use of the county.
But in these cases, as we have held, these two sections do not authorize the prosecuting attorney to bring the suit, and we know of no statute which does, and the tax payer has no *271 greater right than he — he can only sue where the prosecuting attorney might, and on application of the tax-payer has failed to bring the action. But in this case, the prosecuting attorney has not failed or refused, but has actually commenced actions, and there is no allegation in the petitions that he has failed to do so. The judgments of the court of common pleas, in the several cases, sustaining the demurrer to the several petitions, and dismissing the actions, are affirmed, with costs.
Isaac J. Miller, attorney for plaintiff in error.
Rufus B. Smith, attorney for defendants in error.